UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARLOS BRITO,

    Plaintiff,

v.         Case No:   6:18-cv-629-Orl-41TBS

SOUTHLAN PLAZA INC., MORAN FOODS, LLC and ST CLOUD CHINA HOUSE, LLC,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court are the motions of Defendants St. Cloud China House, LLC and Moran Foods, LLC, seeking an award of reasonable attorney's fees, expenses and costs (Docs. 66, 67). Plaintiff, Carlos Brito, has filed responses to both motions (Doc. 68, 69). The motions cite the same grounds for relief and the responses rely on the same defenses. Upon due consideration I respectfully recommend that the motions be **DENIED.**

### Background

Plaintiff, a disabled person, brought this lawsuit against Defendants, alleged to be the owners and operators of a business and place of public accommodation, pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*. (Docs. 1, 14, 52). On October 15, 2018 Plaintiff's Second Amended Complaint was dismissed for lack of subject matter jurisdiction (Doc. 61). The instant motions followed.

### Discussion

Defendants St. Cloud China House, LLC and Moran Foods, LLC argue that they

are entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. § 12205, Fed. R. Civ. P. 54(d)(2), and 28 U.S.C. § 1927.

### 42 U.S.C. § 12205

The ADA provides that a court may allow the prevailing party a reasonable attorney's fee, including litigation expenses and costs. 42 U.S.C. § 12205. The standard for awarding reasonable attorney's fees to a prevailing defendant, in the context of the ADA, is within the discretion of the district court if it finds that the plaintiff's case was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); see also Bruce v. City of Gainesville, 177 F.3d 949 (11th Cir. 1999) (holding "that Christiansburg applies under the ADA). Defendants presume that they are prevailing parties due to the dismissal of the Second Amended Complaint. But, they cite no authority to support this contention, and the case law is against them.

The Court ultimately dismissed Plaintiff's claims on jurisdictional grounds, finding that he lacked standing to prosecute them (Doc. 61). "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) citing Crotwell v. Hockman-Lewis Ltd., 734 F.2d 767, 769 (11th Cir.1984). As Judge Spaulding observed in a similar case, such a dismissal does not make defendants "prevailing parties" for ADA purposes:

> "To prevail, a party must be awarded some relief by a court." Perry v. Orange County, 341 F.Supp.2d 1197, 1203 (M.D.Fla.2004) (citing Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)). Steelman's

- 2 -

> complaint was dismissed for lack of standing. A dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction. Such a dismissal is not a judgment on the merits and is entered without prejudice. See Stalley ex rel. United States v. Orlando Reg'l Health Care Sys., Inc., 524 F.3d 1229, 1232 (11th Cir.2008). Under these circumstances, Ringhaver has not been awarded relief by the Court sufficient to make it a prevailing party. See Davis v. Jackson, 776 F.Supp.2d 1314, 1318 (M.D.Fla.2011) (Defendant not "prevailing party" in Clean Water Act case because complaint was dismissed for lack of standing).

Steelman v. Ringhaver Funding, LLC, No. 6:11-CV-1283-Orl-22, 2012 WL 4377839, at *2 (M.D. Fla. Sept. 6, 2012), report and recommendation adopted, No. 6:11-CV-1283-Orl-22, 2012 WL 4377835 (M.D. Fla. Sept. 25, 2012). As neither of these Defendants has established that it is a prevailing party, the requests for an award of fees and expenses under § 12205 are without merit.

Rule 54

Rule 54(d) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d). Plaintiff argues that Rule 54(d) does not apply here because § 12205 of the ADA governs requests for costs, citing Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1190 (9th Cir. 2001). The Court need not reach this argument because Rule 54 does not apply when a case is dismissed for lack of subject matter jurisdiction. See, e.g., Steelman, supra; Ali v. Prestige Window & Door Installation, LLC, 626 F.Supp.2d 1259, 1260 (S.D.Fla.2009); and DWFII Corp. v. State Farm Mut. Auto. Ins. Co., No. 10-20116-CIV, 2011 WL 13220168, at *2 (S.D. Fla. Sept. 9, 2011), report and recommendation adopted, No. 10-20116-CIV, 2011 WL 13220169 (S.D. Fla. Sept. 27, 2011) (where matter was dismissed for lack of subject matter jurisdiction, "neither party is

- 3 -

considered the 'prevailing party.'"). Thus, there is no basis for an award of costs under Rule 54.

<u>28 U.S.C. § 1927</u>

The statute provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. In this circuit, "an attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" <u>Amlong & Amlong, P.A. v. Denny's, Inc.,</u> 500 F.3d 1230, 1239 (11th Cir. 2007) (internal citations omitted). Defendants contend that "Plaintiff's counsel continued this litigation long after it was clear that Plaintiff was unable to establish standing, and thereby unreasonably and vexatiously multiplied the proceedings." The Court dismissed an earlier version of Plaintiff's complaint with leave to amend. Plaintiff amended and his Second Amended Complaint was dismissed. Plaintiff's conduct, identified by these Defendants, was not egregious and does not meet the necessary standard.

### Recommendation

Because neither defendant is a "prevailing party" within the meaning of these citations and because I find no basis for application of Section 1927, I recommend that the motions be **DENIED.**

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and

Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on November 20, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties